ORDERED.

Dated: March 08, 2018

*Karen S. Jennemann*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| CATHERINE ECKLEY BENTLEY, ) | Case No. 6:17-bk-00294-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

**ORDER PRELIMINARILY GRANTING**
**EXPEDITED MOTION FOR APPOINTMENT OF GUARDIAN ADVOCATE**

This case came before the Court on March 6, 2018, to consider the Chapter 7 Trustee and Creditor Susan Kolb, M.D.'s Expedited Motion for Appointment of Guardian and Extension of Deadlines.[1] Debtor opposed the Motion.[2] The Motion is partially granted on a preliminary basis.

Debtor Catherine Bentley is an elderly ailing woman. Debtor's counsel has represented to the Court on multiple occasions in writing and orally that the Debtor may be incompetent or mentally incapacitated. At the hearing, Debtor's counsel stated that Debtor's doctor has

---

[1] Doc. No. 69 (the "Motion"). All documents are in the main case unless otherwise noted.
[2] Doc. No. 71.

1

diagnosed her with dementia. Although no court has made a finding of legal incompetency or incapacity, Debtor's counsel repeatedly has raised the issue directly in this Court.[3]

Debtor's counsel has represented she is working with the Debtor's nephew, Gary Graybill, relying on two power of attorneys giving Mr. Graybill some authority to act on the Debtor's behalf (the "Powers of Attorney").[4] When the Court recently ordered the parties to mediation in front of the Honorable Cynthia C. Jackson, Judge Jackson rightly rejected the First Power of Attorney because it did not give Mr. Graybill full settlement authority.[5] (The Court's Order Directing Mediation provided that all parties must send someone to mediation with full settlement authority.[6]) Debtor's counsel, on March 6, represented she recently was given the Second Power of Attorney giving Mr. Graybill full settlement authority. Debtor's counsel stated that, although the Second Power of Attorney was executed in February 2017, she just received a copy of it. The Court questions the validity of the newly produced Second Power of Attorney at a time when the Debtor's own attorney was questioning her mental capacity.

The Chapter 7 Trustee and Creditor Susan Kolb, M.D. filed the instant Motion because Judge Jackson required someone with full settlement authority on behalf of the Debtor to be

---

[3] *See e.g.* Doc. No. 21, p. 6 in 6:17-ap-00119-KSJ ("[Debtor] lacked the requisite mental intent indispensable in each count due to her diminished mental capacity."); Doc. No. 15, p. 5 in 6:17-ap-00047-KSJ ("[Debtor]" lacked the requisite mental intent indispensable in each count due to her diminished mental capacity."); Doc. No. 9, pp. 15-17 in 6:17-ap-00047-KSJ ("In fact, no reasonable person can possibly infer actual fraud from the actions of the 93 year old woman suffering from progressing vascular dementia. … The 93 years (sic) old Ms. Bentley suffers from vascular dementia, and according to her physician, she has likely developed this disease following a stroke she had in 2011. It is common knowledge that in individual suffering from dementia suffers some degree of impaired reasoning, comprehension, and judgment. Having diminished mental capacity, Ms. Bentley could not have formed the requisite intent to defraud or to injury Plaintiff-creditor as a matter of law. Although Ms. Bentley has lucid moments, she exhibited strange behavior at the meeting of creditors and her deposition. She was deeply confused, did not understand why she was being asked questions, and had memory loss … The diminished capacity raises serious doubts on the formation of the requisite intent … The dementia certainly has been affecting Ms. Bentley's cognitive ability to understand the extent of her actions and decision making progress."); *See also* Doc. No. 69, Exh. A (In an email from Debtor's counsel to Judge Jackson, Debtor's counsel stated: "Debtor is 94 years old and has diminished mental capacity. So, she is not in the position to enter into a binding agreement. Will Judge Jackson excuse Ms. Bentley from attendance at the mediation if her POA with full settlement authority will attend instead.")

[4] Doc. No. 69, Exh. B is the First Power of Attorney executed on September 26, 2016. Debtor has not filed the Second Power of Attorney.

[5] Doc. No. 69, Exhs. B-C.

[6] Doc. No. 66, ¶ 5.

present at the mediation. The Motion is based on the representations made to the Court that the Debtor has diminished mental capacity, so the argument is the Court should appoint a guardian ad litem to protect the Debtor's interests.[7] The Motion asserts the Court may appoint a guardian ad litem under § 105 of the Bankruptcy Code in conjunction with Bankruptcy Rule 7017 and applicable Florida Statutes.[8]

Section 105(a) of the Bankruptcy Code gives the Court discretion to enter any order "necessary or appropriate to carry out the provisions of this title" and the authority to take action that is necessary or appropriate to enforce or implement court orders or rules or to prevent an abuse of process.[9] Section 105 allows bankruptcy courts to fashion flexible remedies to implement bankruptcy laws and rules. The power granted under § 105 requires courts to use this discretion guardedly and fashion an appropriate remedy that preserves the integrity of the bankruptcy system but does not overreach.

Bankruptcy Rule 7017, which applies in adversary proceedings, incorporates Federal Rule of Civil Procedure 17 in its entirety. Rule 17(c)(2) provides the Court must appoint a guardian ad litem to protect an incompetent person if the incompetent person does not have a duly appointed representative.[10] Some cases have found that the duty to appoint a guardian ad litem under Rule 17(c)(2) is triggered only when there is a determination of legal incompetency, and some cases find that the Rule itself is unclear when the duty of the trial court is triggered.[11]

---

[7] Doc. No. 69, p. 2.
[8] Doc. No. 69, pp. 4-6.
[9] 11 U.S.C. § 105(a).
[10] Fed. R. Civ. P. 17(c)(2).
[11] *Compare Cannon v. Port Authority of New York and New Jersey*, Case No. 15-cv-4579, 2017 WL 4084048 at *1 (S.D.N.Y. Sept. 13, 2017) ("The duty to 'appoint' a guardian ad litem … only 'arises after a determination of incompetency.") ("'The duty to consider whether Rule 17(c) applies is triggered by 'evidence from an appropriate court of record or a relevant public agency indicating that the party has been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent.'") (internal citations omitted) *with Xander v. Snyder*, 2018 WL 566434 at *2 (D.N.M. Jan. 25, 2018) ("'Rule 17(c) does not indicate the basis upon which a court determines the predicate fact that a party has not already legally adjudicated to be so, is presently "incompetent"'") (internal citations omitted).

3

Although not raised directly by the Motion, Bankruptcy Rule 1004.1 is similar to Rule 7017 in that it mirrors Federal Rule of Civil Procedure 17. Rule 1004.1 dictates how a fiduciary may file a voluntary petition for bankruptcy on behalf of an incompetent person.[12] Although the petition was filed long ago in this case, and the Court is not questioning the appropriateness of the petition, cases construing Rule 1004.1 contain similar discussions on a bankruptcy court's authority to appoint a guardian ad litem. For example, Bankruptcy Judge Callaway discussed Rule 1004.1's application in *In re McGlohon*.[13] The debtor's wife had filed a Chapter 13 petition on his behalf as his "next friend."[14] The Court noted no evidence of the debtor's mental state or capacity was offered.[15] The Court also found that the proposed "next friend" made no showing how she was acting in the debtor's best interest or how knowledgeable she was of the debtor's financial affairs.[16] The Court ultimately did not appoint the proposed "next friend," but noted that a bankruptcy court does have the power to appoint a limited guardian ad litem to facilitate the bankruptcy case, to aid in the administration of the bankruptcy case, or for the purpose of discerning real property ownership issues in a bankruptcy case.[17]

As Chief Bankruptcy Judge Specie noted in her *In re Petrano* decision, bankruptcy courts are generally not equipped to adjudicate a person's incompetency.[18] State law controls the determination of an individual's incompetency.[19] Chief Judge Specie noted only four reported cases in which bankruptcy courts have considered the appointment of a guardian ad litem for a debtor.[20] While this Court agrees with Chief Judge Specie that bankruptcy courts generally

---

[12] Fed. R. Bankr. P. 1004.1.
[13] *In re McGlohon*, Case No. 15-06165-5-JNC, 2016 WL 552332 at *1 (Bankr. E.D.N.C. Feb. 10, 2016).
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *In re Petrano*, Case No. 13-10052-KKS, 2013 WL 6503672, at *2 (Bankr. N.D. Fla. Apr. 16, 2013).
[19] *Matchem v. Frank*, 989 F.2d 1009, 1010 (4th Cir. 1993).
[20] *Id.*

should not determine a person's legal incompetency, the facts of this case are much different than *Petrano*.

The facts are more akin to those presented in *In re Myers*.[21] The *Myers* debtor suffered from dementia, could not communicate, and sought excusal from the pre-petition counseling requirement due to his incapacity.[22] There was no prior legal determination in *Myers* that the debtor was incompetent or incapacitated.[23] Here, Debtor's counsel has stated on multiple occasions that the Debtor suffers from dementia and diminished mental capacity due to her illness and sought excusal from attendance at mediation based on her mental state. Yet, there are sufficient capacity concerns that this Court necessarily must do something. In *Myers*, the Court appointed a next of friend to file a bankruptcy petition on the Debtor's behalf. The Trustee and Creditor Kolb also are concerned and are asking the Court to appoint a limited "guardian ad litem" to protect the Debtor's interests and to allow this litigation to proceed.

The Court notes the oddity of the Creditor and Trustee asking for a guardian to protect the Debtor's interest when neither the Debtor's attorney nor her nephew/power of attorney do not appear to have sought appointment of a guardian. Yet, Debtor's counsel has made multiple representations to the Court that the Debtor has diminished mental capacity, is confused, and perhaps does not understand she is in bankruptcy. It is unclear who Debtor's counsel is representing. Debtor's counsel stated she has been representing the Debtor "for years." Yet the Court was only recently presented with the Powers of Attorneys, one of which Debtor's counsel "just received." These facts raise serious concerns that the Debtor's interests are not being properly protected.

---

[21] *In re Myers*, 350 B.R. 760 (Bankr. N.D. Ohio 2006).
[22] *In re Myers*, 350 B.R. at 761.
[23] *Id.*

5

Powers of attorney are interpreted under state law. The First Power of Attorney is the only one in the Court's record. It was executed in Florida on September 26, 2016.[24] Florida Statute § 709.2109(3) provides that a power of attorney is suspended when a party initiates a judicial proceeding for the appointment of a guardian advocate.[25] The Court finds the Motion is the initiation of a judicial proceeding for the appointment of a guardian, so the Powers of Attorney are suspended until further order of the Court.

Using the Court's inherent authority under § 105 of the Bankruptcy Code in conjunction with the principles outlined in Bankruptcy Rules 7017 and 1004.1, the Court finds it appropriate to appoint a guardian advocate, more akin to a special master, for the limited purpose of providing a specific report to the Court (the "Guardian Advocate"). The Court makes no determination that the Debtor is legally incompetent or legally incapacitated at this time, and the Guardian Advocate has no authority to assume responsibility for the person, property, or finances of the Debtor. Accordingly, it is

**ORDERED:**

1. The Motion (Doc. No. 69) is **PARTIALLY GRANTED** on a preliminary basis.

2. The Court will appoint a Guardian Advocate/Special Master by separate order to:

    a. interview the Debtor and others as appropriate; and

    b. render a preliminary opinion on whether the Debtor needs a formal Guardian appointed by the state court before litigation in the bankruptcy court may proceed.

3. Debtor, the Chapter 7 Trustee, and Susan Kolb, M.D. are directed to submit either a joint agreed recommendation for the appointment of the Guardian Advocate or

---

[24] Doc. No. 69, Exh. B.
[25] Fla. Stat. § 709.2109(3).

separate recommendations for the appointment of the Guardian Advocate **by 12:00 p.m. on March 8, 2018.**

4. The Order Directing Mediation (Doc. No. 66) is **VACATED.**

5. A status conference is set for **1:00 p.m. on April 9, 2018**, so the appointed special master can provide an initial report to the Court.

6. The Powers of Attorney are suspended until further order of the Court.

###

The Clerk is directed to serve a copy of this order on all interested parties.