UNITED STATES BANKRUPTCY COURT
GEORGE C. YOUNG FEDERAL COURTHOUSE
400 WEST WASHINGTON STREET, SUITE 5100
ORLANDO, FL 32801

In re:

CATHERINE ECKLEY BENTLEY,
Debtor.
_____

Case No. 6:17-bk-00294-KSJ
Chapter 7

SUSAN KOLB, M.D.,
Plaintiff,

Adv. No. 6:17-ap-00047-KSJ

v.

CATHERINE ECKLEY BENTLEY,
Defendant.
_____

ROBERT E. THOMAS,
Plaintiff,

Adv. No. 6:17-ap-00048-KSJ

v.

CATHERINE ECKLEY BENTLEY,
Defendant.
_____

SUSAN KOLB, M.D.,
Plaintiff,

Adv. No. 6:17-ap-00119-KSJ

v.

CATHERINE ECKLEY BENTLEY,
Defendant.
_____/

## DEBTOR'S MOTION TO STAY

Debtor, CATHERINE BENTLEY, by and through the undersigned counsel, hereby files this Motion to Stay the Order Preliminary Granting Expedited Motion for Appointment of Guardian Advocate (Docket 78) and Order Appointing Guardian Advocate/Special Master (Docket 82), and as grounds in support states as follows:

1. In the Order Preliminary Granting Expedited Motion for Appointment of Guardian Advocate, the Court noted oddity that Creditor and Chapter 7 Trustee asked for appointment of a guardian to "protect" the Debtor's interest when neither the Debtor's attorney nor her nephew/power of attorney have sought appointment of a guardian.

2. Such an assumption by the Court is incorrect as both the undersigned and her nephew considered guardianship and in fact consulted with an attorney about it in September of 2016.

3. The guardianship was not pursued, however, due to the extremely high costs quoted by the guardianship attorney (attorney fees alone were quoted in excess of $7,500) and because a Power of Attorney was recommended as a sufficient alternative remedy as well as Debtor had lucid moments to understand, deliberate upon, and reach conclusions about matters affecting her well-being.

4. A limited Power of Attorney was executed by Debtor on September 26, 2016 to allow the undersigned to communicate with her nephew. Debtor remained the decision maker on the objectives of representation.

5. The Court also expressed a concern in the order that "[i]s is unclear who Debtor's counsel is representing."

6. To the extent that the Court is implying that the undersigned is not frequently communicating with Debtor with the respect to the pending bankruptcy matters, the undersigned's representation of Debtor is in compliance with Florida Rules of Professional Conduct 4-1.2(a), which reads:

   > Subject to subdivisions (c) and (d) a lawyer shall abide by a client's decisions concerning the **objectives of representation**, and, as required by rule 4-1.4, shall **reasonably consult** with the client **as to the means** by which they are to be pursued. A lawyer may take such action on behalf of the client as it impliedly authorized to carry out the representation.

7. The comments to the above rule further clarify:

    In questions of means, **the lawyer should assume responsibility for technical and legal tactical issues**.

    At the outset of a representation, **the client may authorize the lawyer to take specific action on the client's behalf without further consultation**.

8. Additionally, as a legal reprehensive, the undersigned is a de facto guardian of Debtor and is acting in the Debtor's best interest by zealously defending frivolous claims of Creditor and Trustee.

9. Specifically, the undersigned recently filed a Motion for Summary Judgement bringing to the Court's attention that all claims of Creditor and Trustee are barred by the Statutes of Limitations. However, the Court abated the motion, although it would be in the interest of judicial economy and the Debtor's best interest to resolve the purely legal issues raised in the motion prior to trial, which are dispositive of all claims against Debtor.

10. In this case, at the outset of representation, Debtor communicated to the undersigned the objectives of representation and authorized the undersigned to file bankruptcy on her behalf and take all action necessary to defend frivolous claims of Creditor and Trustee.

11. Although the undersigned has been communicating with the Debtor's nephew, pursuant to the September 26, 2016 Power of Attorney, the undersigned also continued communication with Debtor as needed to carry out Debtor's objections of representation.

12. Although on several occasions throughout the bankruptcy proceedings, the undersigned made the Court expressly aware that Debtor was diagnosed with vascular dementia and memory loss and that her condition was progressively worsening, the undersigned also made the Court aware that Debtor did not completely lose mental capacity, but had lucid moments. For example, at the pretrial conference held on October 25, 2017, the undersigned made the

Court aware that the undersigned spoke to Debtor that morning and at that time Debtor did not know who the undersigned was or that she was in bankruptcy.

13. At the pretrial conference held on January 24, 2018, the undersigned again advised the Court of Debtor's mental impairment and requested to dispense with mediation due to concerns that Debtor lacked capacity to enter into a binding agreement. Despite of that, the Court ordered mediation.

14. At no point prior to ordering mediation, did the Court express any concerns that the Debtor's interests may not be properly represented. In fact, the Court acknowledged before that the undersigned has done a lot of work in this case for very little compensation.

15. Now that the Court has raised this issue for the first time after the case has been set for trial on April 25-26, 2018, to address the Court's concerns, the undersigned filed a petition for appointment of a guardian and to determine incapacity in state court, the exclusive forum for adjudicating such matters as set forth in Art. V, § 20, Fla. Const., on March 14, 2018, so that a panel of licensed physicians, not a lawyer, can determine whether Debtor is incapacitated so as to require a guardian. The undersigned also filed a petition for emergency appointment of a temporary guardian so that the bankruptcy case can proceed along.

16. Consequently, the Court should stay the Order Preliminary Granting Expedited Motion for Appointment of Guardian Advocate (Docket 78) and Order Appointing Guardian Advocate/Special Master during the pendency of the state court guardianship proceedings.

WHEREFORE, Debtor requests the Court issue an order granting this Motion to Stay, and such other relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic transmission, if registered in the Electronic Case Filing System, otherwise by U.S.

Mail: U.S. Trustee, Chapter 7 Trustee, counsel for Trustee and creditor Susan Kolb, Esther McKean, Guardian Advocate Michael Nardella and the law firm of Nardella & Nardella, PLLC this 14th day of March, 2018.
.

/s/ Anna Handy
_____
Anna Handy, Attorney for Debtor
Florida Bar No.: 0119532
Anna Handy Law Firm, P.A.
P.O. Box 730083
Ormond Beach, FL 32173
Telephone: 386-248-3000
Facsimile: 386-401-2511
anna.handy2015@gmail.com