**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

Gary R. Graybill, as
Personal Representative of
Catherine Eckley Bentley,　　　　　　　　　　Case No.:  6:17-bk-00294-GER
　　　Debtor.　　　　　　　　　　　　　　　Chapter 7
_____/

**EMERGENCY JOINT MOTION TO APPROVE COMPROMISE OF CONTROVERSY WITH TRUSTEE ROBERT THOMAS AND CREDITOR DR. SUSAN KOLB AND DEBTOR (GARY R. GRAYBILL, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CATHERINE ECKLEY BENTLEY AND THE ESTATE OF CATHERINE ECKLEY BENTLEY)**

Pursuant to Fed. R. Bank. P. 8008, 9019 and Local Rule 9019-1, Robert E. Thomas, as Chapter 7 Trustee of bankruptcy estate of Catherine Eckley Bentley (the "Trustee"), Dr. Susan Kolb ("Dr. Kolb"), and Gary R. Graybill, individually and as personal representative of the Estate of Catherine Eckley Bentley and the Estate of Catherine Eckley Bentley (collectively the "Debtor") hereby file this Emergency Joint Motion to Approve Compromise of Controversy.  In support of this Motion, the Trustee, Dr. Kolb, and Debtor state as follows:

**BACKGROUND**

1. Other than Dr. Kolb's claim the following unsecured claims exist in this case:

| | | |
|---|---|---|
| Evac Ambulance (County of Volusia) | Claim No. 1 | $575.00 |
| Quantum 3 Group LLC as agent for Comenity Capital Bank | Claim No. 2 | $167.62 |
| Portfolio Recovery Associates, LLC | Claim No. 3 | $531.04 |
| TOTAL | | $1,273.66 |

2. On April 9, 2019, the Court issued a Memorandum Opinion Denying the Debtor's Discharge and Resolving Trial Matters.[1] and issued multiple orders stemming from the trial:

- Order Denying Motion to Convey[2] (as moot due to Debtor's death);

- Order Denying the Debtor's Discharge;[3]

- Order Sustaining Trustee's Objection and Reducing Debtor's Homestead Exemption;[4]

- Order Overruling Objection to Kolb's Claim 4;[5]

- Final Judgment[6]; and

- Final Judgment of Foreclosure.[7]

3. The Trustee filed adversary proceeding number 6:18-ap-00045-KSJ (the "Adversary Case") against Auctions America in this Court. Trustee and Auctions America entered into a Settlement Agreement, which was approved by this Court. Pursuant to the Settlement Agreement Auctions America paid the bankruptcy estate $56,000.

4. The Bankruptcy Court sustained Trustee's objection to Debtor's claim of homestead exemption and imposed an equitable lien and constructive trust in the amount of $112,767.04, plus interest, on the Debtor's homestead property and entered a Final Judgment of Foreclosure against Debtor in the amount of $112,767.04, plus interest.

5. Gary R. Graybill, in his individual capacity, and to avoid foreclosure of the homestead property, satisfied the Final Judgment of Foreclosure from his personal account and

---

[1] Doc. No. 130.
[2] Doc. No. 131.
[3] Doc. No. 132.
[4] Doc. No. 133.
[5] Doc. No. 134.
[6] Adv. Pro. 17-ap-00047, Doc. No. 46.
[7] Adv. Pro. 17-ap-00119, Doc. No. 145.

his personal funds since the probate estate of Debtor had no assets, by paying Trustee $113,451.76.

6. Debtor filed a Motion for Credit Against Final Judgment relating to the Compromise Funds and the Bankruptcy Court denied Debtor's request for credit ("Order Denying Credit").

7. Debtor appealed the Order Denying Credit to the United States District Court to the Middle District of Florida and Judge Paul Byron affirmed the Order Denying Credit.

8. Debtor appealed Judge Byron's order affirming the Order Denying Credit to the Eleventh Circuit Court of Appeals, which appeal is pending and oral argument is scheduled for Thursday, January 27, 2022 (the "Appeal").

9. On January 18, 2022, Debtor filed a Motion for Clarification in the Bankrutpcy Case.[8]

10. On January 20, 2022, the Trustee, Dr. Kolb and Debtor entered into an agreement by the estate paying to Debtor $11,500 and the parties resolving all issues amongst themselves (the "Compromise").

## THE COMPROMISE

11. In light of the pending oral argument and Motion for Clarification the Trustee, Dr. Kolb and Debtor engaged in settlement discussions and negotiations.

12. By this Motion, Trustee, Dr. Kolb and Debtor seek the entry of an Order approving a compromise.

13. The principal terms of the Compromise are as follows:[9]

    (a) The Debtor will dismiss the Appeal.

---

[8] Doc. No. 207.
[9] Parties-in-interest should review all terms of the Settlement Agreement, which is attached as Exhibit A hereto.

61787734;2

(b)  Thomas as Chapter 7 Trustee shall pay to the order of "Gary Graybill," in his individual capacity, a total sum of $11,500 ("Settlement Payment") for the settlement within the latter of seven (7) days after entry of a final non-appealable order approving this Settlement Agreement pursuant to Bankruptcy Rule 9019 and an order from the Eleventh Circuit Court of Appeals dismissing the Appeal.

(c)  Thomas as Chapter 7 Trustee shall payment the Settlement Payment out of Debtor's bankruptcy estate funds. Chapter 7 Trustee shall mail the Settlement Payment to Gary Graybill c/o Anna Handy, Esq., Anna Handy Law Firm, P.A., 600 N. Clyde Morris Blvd., Daytona Beach, FL 32114.

(d)  The Debtor shall withdraw its Motion for Clarification.

(e)  Debtor shall not object or interfere in any way with Thomas as Chapter 7 Trustee and his professionals fully administering and closing the bankruptcy estate.

(f)  Thomas Chapter 7 Trustee and Susan Kolb shall not object or interfere in any way with Gary Graybill and his professionals in dismissing or otherwise closing the probate estate of Debtor as there are no assets in the probate estate.

(g)  The parties release each other.

14.  Trustee, Dr. Kolb and Debtor have negotiated this compromise for the purpose of resolving all matters existing between them. A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit A**.

4

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

**A.    Rule 8008**

15.    Rule 8008 of the Federal Rules of Bankrutpcy Procedure permits movants, even after an appeal is filed, to file motions before the bankruptcy court.

16.    If the bankruptcy court finds that the motion should be granted or that a substantial issue is raised, the bankruptcy court may so state, and the movant may request remand for determination of the motion.

**B.    Standard of Bankruptcy Compromise with Respect to the Trustee**

17.    Bankruptcy Rule 9019(a) provides that: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a).

18.    Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court. *In re Arrow Air*, 85 BR 891 (Bankr. S.D. Fla. 1988). The standards for approval are well settled and require the Court to inquire into the reasonableness of the proposed settlement. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), *cert. denied, sub nom., Cosoff v. Rodman*, 464 U.S. 822 (1983); *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960). The inquiry need only determine whether the settlement falls below the lowest point of the range of reasonableness. *See W.T. Grant Co.*, 699 F.2d at 608.

19.    In the Eleventh Circuit, the Court must consider the following factors in determining whether to approve the settlement (i) the probability of success in the litigation; (ii)

the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements). *See also In re Martin,* 91 F.3d 389 (3rd Cir. 1996); *In re Louise's Inc.,* 211 B.R. 798 (D. Del. 1997).

20. In evaluating the settlement reached, this Court—

> need not rest its decision whether to approve a settlement upon a resolution of ultimate factual and legal issues which underlie the disputes that are proposed to be compromised. *In re Teltronics Services, Inc.*, *supra*. In a Fifth Circuit decision which is binding on this Court, *Florida Trailer and Equipment Company v. Deal*, 284 F.2d 567, 571 (5th Cir.1960), the Court stated:
>
> Of course, the approval of a proposed settlement does not depend upon establishing as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable. The probable outcome in the event of litigation, the relative advantages and disadvantages are, of course, relevant factors for evaluation. *But the very uncertainties of litigation, as well as the avoidance of wasteful litigation and expense, lay behind the Congressional infusion of a power to compromise. This is a recognition of the policy of the law generally to encourage settlements. This could hardly be achieved if the test on hearing for approval meant establishing success or failure to a certainty. Parties would be hesitant to explore the likelihood of settlement apprehensive as they would then be that the application for approval would necessarily result in a judicial determination that there was no escape from liability or no hope of recovery and hence no basis for a compromise*. Thus, this Court need not resolve each disputed matter in determining the propriety of the settlement; rather, the Court may, and should, make a pragmatic decision on the basis of all equitable factors.
>
> *In re Holywell Corp.*, 93 B.R. 291 (Bankr. S.D. Fla. 1988) (emphasis in original).

21. The benefits of proceeding with the compromise far outweigh the potential benefits of litigating the Appeal, Motion for Clarification and potentially other future contested

legal issues. While the Trustee is confident in his position in the Appeal, it will result in attorneys' fees and costs to the estate (possibly exceeding the value of any recovery) that would reduce distributions to creditors of the estate.

22. Based upon the foregoing, the Trustee respectfully submits that the compromise falls well within the "range of reasonableness" and satisfies the legal standard set forth in *Justice Oaks*. Accordingly, the Trustee requests that the compromise be approved.

**WHEREFORE**, the Parties respectfully request this Court to enter an order(s) with the following relief:

(i) require that counsel for the parties are directed to promptly notify the Clerk of the Eleventh Circuit Court of Appeals that this Court would grant this motion upon remand;

(ii) require that counsel for the Trustee and Dr. Kolb promptly submit a final order approving the Motion and the compromise therein without the need for any additional motion or other notice;

(iii) approving the terms of compromise described herein;

(iv) authorizing the Trustee to take any and all action and execute any and all documents necessary to effectuate the terms of the compromise; and

(v) granting any additional relief as the Court deems appropriate.

Dated: January 20, 2022.					Respectfully submitted,

| | |
|---|---|
| *s/ Esther McKean* | *s/ Anna Handy* |
| Esther McKean, Esquire | Anna Handy, Esquire |
| Florida Bar Number: 28124 | Florida Bar No. 0119532 |
| Samual A. Miller, Esquire | Anna Handy Law Firm, P.A. |
| Florida Bar No. 034491 | P.O. Box 730083 |
| **AKERMAN LLP** | Ormond Beach, FL 32173 |
| 420 S. Orange Ave., Suite 1200 | Telephone: 386-248-3000 |
| Orlando, FL 32801 | Facsimile: 386-401-2511 |
| Phone: (407) 423-4000 | anna.handy@gmail.com |
| Fax: (407) 843-6610 | |
| E-mail: samual.miller@akerman.com | |
| Email: esther.mckean@akerman.com | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2022, I caused the foregoing Motion to Approve Compromise of Controversy to be served electronically by CM/ECF and by United States Mail, postage prepaid, to those parties listed on the mailing matrix which was obtained from CM/ECF at the time of service.

			/s/ Esther McKean
			Esther McKean